**NATURAL GAS PIPELINE COMPANY OF AMERICA, a Delaware Corporation, Plaintiff,**

v.

**IOWA STATE COMMERCE COMMISSION et al., Defendants.**

Civ. No. 72–275–1.

United States District Court, S. D. Iowa, C. D.

Jan. 25, 1974.

Ned P. Gilbert and Roy Stoddard, Jr., Oskaloosa, Iowa, Joseph M. Wells and William M. Freivogel, Chicago, Ill., for plaintiff.

Don Charles Uthus, Commerce Counsel, Daniel J. Fay, Asst. Commerce Counsel, Des Moines, Iowa, for defendant.

## MEMORANDUM AND RULING

Before BRIGHT, Circuit Judge, McMANUS, Chief District Judge, and STUART, District Judge.

STUART, District Judge.

Plaintiff filed this lawsuit asking this Court to declare the 1970 amendment to Section 490.5 Code of Iowa in violation of the Contract (Art. I, § 10) Commerce (Art. I, § 8) Due Process (Fourteenth Amendment § 1) and Supremacy (Art. VI) clauses of the United States

Constitution, and to enjoin defendants from enforcing this statute. A three-judge court was convened pursuant to 28 U.S.C. § 2281 et seq.

On May 3, 1973, this Court, Judge Stuart presiding, conducted an evidentiary hearing, at which time both parties presented all evidence pertinent to this action. All judges were furnished transcripts of the evidence.

The matter came on for oral arguments before this three-judge court on June 19, 1973. Plaintiff was represented by Mr. William M. Freivogel, Mr. Ned P. Gilbert, and Mr. Joseph Wells. Defendant was represented by Mr. Daniel J. Fay and Mr. Don Charles Uthus.

Plaintiff is a transporter and supplier of natural gas in the midwest. Specifically it operates two transmission lines into the Chicago area. The "Amarillo" line runs through Iowa and serves 12 Iowa customers.

The nature of plaintiff's operations as a producer and supplier of natural gas brings it squarely within federal control under The Natural Gas Act, Title 15, United States Code, Section 717 et seq. To this extent the plaintiff's business operations are controlled by the Federal Power Commission. The parties do not challenge this fact, nor is it urged that the State of Iowa has any right to determine public convenience and necessity for the maintenance and construction of natural gas pipelines and use of underground storage areas.

Section 490.5, Code of Iowa, 1969, as amended, requires all pipeline companies to hold informational hearings for all affected landowners at least 30 days prior to filing a permit with the Iowa State Commerce Commission and prohibits any negotiations for the purchase of any interest in real estate prior to the informational hearings.[1]

1. The text of this challenged statute is set out below, with the 1970 amendment italicized:

490.5 Application for permit. Any pipeline company engaging in its said business in this state shall file with the state commerce commission its verified petition asking for a permit to construct, maintain and operate its pipeline or lines along, over or across the public and/or private highways, grounds, waters and streams of any kind of this state. Any pipeline company now owning or operating a pipeline in this state shall be issued a permit by the commission upon supplying the information provided for in section 490.6.

Any pipeline company engaging in its said business in this state and proposing to engage in underground storage of gas within this state shall file with the state commerce commission its verified petition asking for a permit to construct, maintain and operate facilities for the underground storage of gas to include the construction, placement, maintenance and operation of machinery, appliances, fixtures, wells, pipelines and stations necessary for the construction, maintenance and operation of such gas underground storage facilities.

*As conditions precedent to the filing of a petition with the commission requesting a permit, and not less than thirty days prior to the filing of such petition, the person, company, or corporation shall hold informational meetings in each county in which real property or rights therein will be affected. A member of the commission, the counsel of the com-*

*mission or a hearing examiner designated by the commission shall serve as the presiding officer at each meeting and present an agenda for such meeting which shall include a summary of the legal rights of the affected landowners. No formal record of the meeting shall be required.*

*The meeting shall be held at a location reasonably accessible to all persons, companies, or corporations which may be affected by the granting of the permit.*

*The person, company, or corporation seeking the permit shall give notice of the informational meeting to each person, company, or corporation determined to be the landowner affected by the proposed project and any person, company, or corporation in possession of or residing on the property. For the purposes of this section, "landowner" means a person, company, or corporation listed on the tax assessment rolls as responsible for the payment of real estate taxes imposed on the property and "pipeline" means any line transporting gas, gasoline, oils, motor fuels, or inflammable fluids under pressure in excess of one hundred fifty pounds per square inch and extending a distance of not less than five miles or future anticipated extension of an overall distance of five miles.* * * *
[Contents of notice] * * *

*No person, company or corporation seeking rights under this chapter shall negotiate or purchase any easements or other interest in land in any county known to be affected by the proposed project prior to the informational meetings.*

Plaintiff has not held any of the informational meetings required by the statute in controversy, since it has not yet attempted to acquire property in the State of Iowa for extension of pipelines or underground storage. However, plaintiff does intend to carry out tests in the eastern part of the state in order to ascertain if certain underground formations are suitable for the storage of natural gas. At this point, plaintiff applied to this Court for declaratory and injunctive relief.

The Commission argues that the action should be dismissed for lack of an actual controversy because the Company has improperly construed section 490.5 adversely to its own interest and contrary to the construction by the Commission.

The Commission reasons:

1. That the Iowa Supreme Court has held that the commerce commission cannot place conditions on the use of *federal* eminent domain power by natural gas pipeline companies except as may be necessary for limited public purposes, and the commerce commission recognizes this as the law.

2. That the provisions of Section 490.5 of the Iowa Code, relating to the informational meetings apply only if the company seeks state eminent domain procedures.

3. That the State of Iowa has the right to place such conditions on the use of the right of eminent domain it has granted.

4. That there is a federal right of eminent domain which is not subject to the informational meeting requirement.

5. That the plaintiff can either choose to use the federal procedures of eminent domain or comply with the conditions for the use of eminent domain imposed by the State of Iowa.

6. Therefore there is no justiciable issue raised.

Although it may be that this case could be disposed of on the Commission's Motion to Dismiss, we prefer to utilize portions of its reasoning to decide the case on other grounds. We grant declaratory relief in this case.

If the right of federal eminent domain exists which furnishes the company a method of acquiring necessary property rights and if the restrictive requirements of section 490.5 do not apply to federal eminent domain procedures, the company is not entitled to injunctive relief to enjoin the enforcement of a state statute which applies only to state eminent domain procedures.

We hold: (I) Federal eminent domain is available to natural gas companies seeking to acquire property rights for underground storage facilities for natural gas. (II) The 1970 amendment to section 490.5 does not apply to federal eminent domain procedures. (III) Injunctive relief should not be granted because there has been no showing of a clear and imminent irreparable injury.

I. Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) provides in its material parts:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipeline * * * for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipeline * * *, it may acquire the same by the exercise of the right of eminent domain * * *.

The question is whether this statute confers the right of eminent domain for the acquisition of underground storage facilities for natural gas. No cases have

been found deciding this question. The Federal Power Commission (FPC) filed a brief Amicus Curiae on this particular point at the invitation of the Court.

The language of the section is broad and does not specifically exclude the use of eminent domain to obtain underground storage facilities. If the right exists it must be included in the language "or other stations or equipment necessary for the proper operation of such pipeline".

Legislative history indicates that the purpose of § 7(h), 15 U.S.C. § 717f(h) was to provide the means by which orders of the FPC could be implemented. "No person or corporation should be allowed to defeat the order or certificate [of public convenience and necessity] of the Commission by refusing to grant a right-of-way for a reasonable compensation for the operation of the pipeline." Hearings on H.R. 2956 before the House Committee on Interstate and Foreign Commerce 80th Cong. 1st Sess. at 377–379 (1947).

The necessity for eminent domain powers to effectively regulate this form of interstate commerce has been recognized in Thatcher v. Tennessee Gas Transmission Co. (5th Cir., 1950), 180 F.2d 644, 647, and Tennessee Gas Transmission Co. v. Cleveland Trust Co. (Ohio Prob.1953), 59 Ohio Op. 282, 120 N.E.2d 143, 146. Unless the power of eminent domain was granted for underground storage facilities, the federal certificate of public convenience and necessity could be nullified contrary to the intent of Congress and the cases.

Underground storage facilities are "necessary for the proper operation" of a gas pipeline. The Natural Gas Pipeline Safety Act of 1968 (49 U.S.C. § 1671) recognizes storage is an element of transportation of gas. It would be unduly restrictive to hold they were not included either as "stations or equipment". Station has been defined as a place where something stands or "a stopping place: as (1) a stopping place in a transportation route * * *".

Webster's Third New International Dictionary. An underground storage facility would come within this definition.

Although underground storage facilities utilize natural phenomena, they perform the same function as a surface storage structure and "equipment" should be construed functionally rather than technically.

█ In our opinion, Section 7(h) of The Natural Gas Act, 15 U.S.C. § 717f(h) grants the powers of eminent domain for the acquisition and construction of underground storage facilities for natural gas.

II. The company argues that the 1970 amendment to Section 490.5 Code of Iowa is clear and unambiguous, covers all natural gas pipelines operating through Iowa and requires them to hold informational meetings in all instances before they can file an application for an Iowa permit in violation of the particular clauses of the Constitution hereinabove referred to. Iowa's right to require permits for limited purposes is not challenged.

The Commission argues that the informational meeting requirement is intended to apply only to applications in which the companies intend to use state eminent domain procedures, that it so interprets the statute and will apply it only to such applications and that such statutory construction is required to avoid unconstitutionality under the Interstate Commerce and Supremacy Clauses of the United States Constitution.

The Iowa Courts have not at this time had occasion to construe the 1970 amendment to section 490.5. We prefer to avoid construing it until the Iowa Supreme Court has had an opportunity to do so. In this particular instance we believe we can dispose of this case without doing so. If the 1970 amendment were interpreted as suggested by the Commission it would not apply to available federal eminent domain procedures and would be a valid exercise of police power over state eminent domain proceedings.

Bibb v. Navajo Freight Lines (1959), 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003; Salsburg v. Maryland (1954), 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281; Nashville C. & St. L. R. Co. v. Walters (1935), 294 U.S. 405, 55 S.Ct. 486, 79 L.Ed. 949; Lochner v. New York (1905), 198 U.S. 45, 25 S.Ct. 539, 49 L. Ed. 937. If the statute were construed as broadly as suggested by the company, the Commission concedes it would violate the Interstate Commerce and Supremacy Clauses of the United States Constitution. Northern Natural Gas Company v. State Corporation Commission of the State of Kansas (1963), 372 U.S. 84, 91, 92, 83 S.Ct. 646, 9 L.Ed.2d 601; Bethlehem Steel Co. v. N. Y. State Board (1947), 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234; Public Service Commission of West Virginia v. F. P. C. et al. (CA 4, 1971), 437 F.2d 1234, 1239; United Gas Pipeline v. Terrebonne Parish Police Jury (D.C.La., 1970), 319 F. Supp. 1138, 1139, affirmed, 5 Cir., 445 F.2d 301; Transcontinental Gas Pipeline Corporation v. Borough of Milltown Middlesex Co. (D.C.N.J., 1950), 93 F. Supp. 287, 292; Mid-America Pipeline Co. v. Iowa State Commerce Commission (1964), 255 Iowa 1304, 1311, 125 N.W. 2d 801, 805.

██ Under either interpretation, therefore, the informational meeting requirement of the 1970 amendment would not apply to the company if it invoked federal eminent domain procedure, and the plaintiff is entitled to a declaration of its right to proceed to extend its pipelines and acquire underground storage facilities, contemplating the use of federal eminent domain procedures, without holding the informational meetings called for under the 1970 amendment to § 490.5 of the Iowa Code.

It is therefore ordered that the Clerk of the United States District Court for the Southern District of Iowa enter an appropriate declaratory judgment in accordance with this memorandum opinion.

Each party shall bear its own costs.

An appropriate Order will issue forthwith.